# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| GLORIA SALCEDO, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 09-cv-05354 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' motion to stay discovery pending the resolution of criminal proceedings that run parallel to this case [24], as well as Defendants' motion to dismiss the case for failure to state a claim upon which relief can be granted [22]. For the reasons set forth below, Defendants' motion to stay [24] is granted and their motion to dismiss [22] is denied without prejudice. The action is stayed for an initial period of six months, at which point the Court will hold a status hearing to determine if the stay will remain in place. The stay may be lifted or modified upon a showing of good cause at any time.

### I. Background

On August 28, 2009, Plaintiffs filed suit against the City of Chicago and six Chicago Police Officers, all of whom were members of the Chicago Police Department's Special Operations Section ("SOS"). Plaintiffs allege that

> [o]n August 21, 2002, in Chicago, Illinois, the individual defendants arrested plaintiffs without probable cause and charged them with obstructing a police officer. The individual defendants made false statements about their conduct concerning the stop, seizure and arrest. These false statements caused plaintiffs to be charged, prosecuted, incarcerated, and convicted on June 9, 2005 and later

> sentenced * * *. On August 29, 2007, the Cook County State's Attorney's Office filed an agreed motion to vacate the guilty verdicts and sentence imposed on the plaintiffs * * *.

FAC ¶¶ 6-7, 9.[1] Plaintiffs' complaint comprises two counts. Count I alleges a due process violation and is brought pursuant to 42 U.S.C. § 1983. Count I names as Defendants six former SOS officers; they are Jerome Finnigan, John Burzinski, James McGovern, Carl Suchocki, James Ryke, and Timothy McDermott. Count II seeks recovery against the City of Chicago for the violations alleged in Count I, based on the Supreme Court's holding in *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978). Plaintiffs contend that the alleged violations arose from the City's practices, policies, or customs.

The State of Illinois has indicted Defendants Finnigan and McGovern, along with other former SOS officers, on charges of armed violence, armed robbery, home invasion, residential burglary, theft, unlawful restraint, obstruction of justice, and official misconduct. In addition, the federal government has charged Finnigan in a murder for hire plot, in which it is alleged that Finnigan solicited someone to murder unnamed police officers who he believed were going to testify against him. See *United States v. Finnigan*, Case No. 07-CR-634. Finnigan currently is in federal custody.

On December 04, 2009, the City of Chicago and four individual defendants moved to stay this case until the resolution of related state and federal criminal proceedings, and they also filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. As to the stay motion, Defendants contend that it would be fundamentally unfair to force certain individual Defendants to choose between protecting their Fifth Amendment rights and defending a civil lawsuit. Defendants also contend that it would be unfair to force the unindicted individual Defendants and the City of Chicago to defend themselves without the full benefit of discovery

---

[1] Citations to Plaintiffs' First Amended Complaint are set out as "FAC ¶ ___."

from all Defendants. Defendants' motion to dismiss maintains that Plaintiffs' complaint must be dismissed because Plaintiffs have hitched their case to the wrong constitutional wagon (and because Plaintiffs are time-barred from pursuing the only otherwise-viable theory).

Plaintiffs sought and were given an extension of time to respond to Defendants' motions. That extension expired on February 19, 2010. To date, Plaintiffs have not filed responses to Defendants' motions nor have they filed a motion for another extension of time.

## II. Analysis

A court has the inherent power to manage its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Exercising this power requires balancing the competing interests of plaintiffs, defendants, and the public. *Id.*; *Hare v. Custable*, 2008 WL 1995062, at *2 (N.D.Ill. 2008). Although stays in light of parallel criminal proceedings are not of constitutional magnitude (*United States v. All Meat and Poultry Prods. Stored at Lagrou Cold Storage*, 2006 WL 27119, at *1 (N.D. Ill. Jan. 4, 2006)), courts nonetheless retain discretion to issue stays in those circumstances. A court may stay a civil proceeding pending resolution of criminal proceedings "when the interests of justice" require it. See *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970).

To determine whether a stay will issue, the Court considers the following non-exhaustive factors: (1) whether the civil and criminal proceedings involve the same subject matter; (2) whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of Plaintiffs in proceeding expeditiously, and the potential prejudice that Plaintiffs may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on Defendants if a stay is denied. *Hare*, 2008 WL 1995062 at *2 (citing *Cruz v. County of DuPage,* 1997 WL

370194, at *2 (N.D.Ill. 1997)). The court examines each factor in turn.

1. *Relationship between civil and criminal matters*. In support of their motion to stay the case, Defendants state that the pending state and federal criminal charges against certain individual Defendants are related to the general allegations in Plaintiffs' complaint. This factor weighs in favor of a stay, albeit only slightly because Defendants have not provided extensive briefing as to the extent of the overlap in the cases; indeed, they indicate that the overlap may not be particularly great. See, *e.g.*, *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 946 (N.D.Ill. 2008) (citing the potential that a plaintiff would "use other similar events as evidence to support his claims against the individual defendants and the near-certainty that he will attempt to use other similar events to support his *Monell* claim"); *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005) (stay was warranted where "[t]he state criminal charges pertain to the same time period and same general sets of allegations made in the Plaintiffs' civil suit").

2. *Government involvement in both civil and criminal proceedings*. When both civil and criminal proceedings are brought by the government, there is a concern that the government may use the civil discovery process to obtain evidence for use in the criminal proceedings. *Cruz v. County of Dupage*, 1997 WL 370194, at *3 (N.D.Ill. 1997). That concern is not present in this case because neither the state nor the federal government is a party to the civil proceeding. This fact weighs against a stay. See, *e.g.*, *Chagolla*, 529 F. Supp. 2d at 946.

3. *Posture of the criminal proceedings*. While it is unclear when the judicial proceedings will begin in Defendant Finnigan's and Defendant McGovern's criminal cases, investigations into misconduct by SOS officers are ongoing. The posture of the case creates a risk that civil discovery could compromise the criminal investigations. *United States v. Michelle's Lounge*, 1992 WL 194652, at *5 (N.D. Ill. Aug. 6, 1992) ("Conducting civil discovery while the related

criminal investigation is continuing would compromise that investigation."); see also *Campbell v. Eastland*, 307 F.2d 478, 486-87 (5th Cir. 1962) (stating that concerns related to criminal prosecutions could lead a judge in an "unstayed" civil case to limit discovery). In addition, other cases from this district indicate that once an indictment is handed down, as is the case here, a stay is appropriate. See, *e.g.*, *Cruz*, 1997 WL 370194, at *3.

4. *Effect of a stay on the public interest*. The public has an interest in ensuring that a criminal investigation can proceed untainted by civil litigation and this interest weighs in favor of a stay. *Chagolla*, 529 F. Supp. 2d at 947; *Jones v. City of Indianapolis*, 216 F.R.D. 440, 452 (S.D. Ind. 2003). Related to that interest, the public has an interest in preventing guilty defendants from engaging in continued and future wrongdoing. *Cf. Cruz*, 1997 WL 370194, at *3. Criminal liability almost by definition will better realize that interest, at least where criminal liability results in incapacitation. Moreover, criminal liability carries with it moral disapprobation and may be more effective at ensuring both general deterrence and specific deterrence. On the other hand, the public has an interest in the prompt disposition of civil litigation, an interest that has been enacted into positive law through the Civil Justice Reform Act of 1990. See 28 U.S.C. §§ 471-82. A stay would impair that interest. Although the Court recognizes the important public interest in swift resolution of civil matters, the Court concludes that the seriousness of the alleged criminal conduct militates in favor of a stay in this case.

5. *Effect of a stay on Plaintiffs' interest*. Plaintiffs have a significant interest in a timely resolution of their claims and compensation if they prove that they are entitled to it. *Hare*, 2008 WL 1995062, at *3. While this is an important consideration that typically might weigh against a stay, Plaintiffs have not filed a response to Defendants' motion, much less demonstrated irreparable harm or prejudice if the Court grants a limited stay. See, *e.g.*, *Jones*, 216 F.R.D. at

5

451. Accordingly, this factor weighs in favor of a stay.

      6. *Burden imposed by a stay on Defendants*. Any individual Defendant who is forced to respond to discovery requests will face the choice of whether to claim or waive his or her Fifth Amendment privilege against self-incrimination and thereby face the risk of adverse inference in his civil case. *Chagolla*, 529 F. Supp. 2d at 947; *Hare*, 2008 WL 1995062, at *3. In addition, proceeding with the civil case at this time will require Defendants Finnigan and McGovern to bear the burden of defending both civil and criminal proceedings at the same time. While the individual Defendants who have not been indicted are not shouldering such a burden at this time, they may be subjects of ongoing state and federal criminal investigations. They also may be called upon to testify in any upcoming criminal proceedings. These possibilities weigh in favor of a stay. And although the City of Chicago has no Fifth Amendment privilege against self-incrimination, the Court concludes that staying the case only as to certain Defendants would be an inefficient way of resolving the case. Where, as here, the indicted individual Defendants appear to be central figures in both civil and criminal proceedings, a stay is appropriate to all Defendants, including the City. See, *e.g.*, *All Meat and Poultry*, 2003 WL 22284318, at *4-5; *Doe*, 360 F. Supp. 2d at 881.

      Having considered all of the relevant factors, the Court concludes that it is appropriate to exercise its discretion and stay further proceedings in the case as to all Defendants. Only one of the six factors—the identity of the defendants in the civil and criminal cases—militates against granting a stay. All of the other factors, including the concern that a civil case could undermine ongoing investigations into serious criminal matters, militate in favor of a stay. Particularly given the absence of a response from Plaintiffs, the Court will err on the side of protecting the integrity of ongoing investigations and prosecutions.

## III. Conclusion

Defendants' motion to stay [24] is granted. The action is stayed for an initial period of six months, at which point the Court will hold a status hearing. At that time, the Court will reevaluate the matter based on any submissions by the parties regarding further developments in the criminal proceedings. Those submissions may warrant terminating the stay or modifying it to permit the case to proceed against some or all Defendants. The stay may be lifted or modified upon a showing of good cause at any time. In light of today's ruling, the Court denies without prejudice Defendants' motion to dismiss [22].

Dated: July 8, 2010

_____
Robert M. Dow, Jr.
United States District Judge