**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GLORIA SALCEDO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 09 C 05354 |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion [44] to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendants' motion is granted.

**I.   Background**[1]

On August 28, 2009, Plaintiffs, Gloria Salcedo, Claudia Salcedo and Teresa Salcedo, filed a §1983 suit against Defendants, City of Chicago and Officers Jerome Finnigan, John Burzinski, James McGovern, Carl Suchocki, James Ryle, and Timothy McDermott, alleging due process violations.  Specifically, Plaintiffs allege that on August 21, 2002, the individual Defendants arrested Plaintiffs without probable cause, charged them with obstructing a police officer, and made false statements about their conduct, in violation of their due process rights. FAC ¶¶ 6-7, 9.[2]   Plaintiffs also seek recovery from the City of Chicago for the violations alleged

---

[1] For the purposes of Defendants' motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

[2] Citations to Plaintiff's First Amended Complaint are set out as "FAC ¶ ___."

in Count I, based on the Supreme Court's holding in *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658 (1978). Plaintiffs contend that the alleged violations arose from the City's practices, policies, or customs.

On December 04, 2009, the City of Chicago and four individual defendants moved to stay this case until the resolution of related state and federal criminal proceedings involving two of the individual Defendants.[3] They also filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs did not submit a response to Defendants' motions, despite the Court giving Plaintiffs an extension of time to respond. On July 08, 2010, the Court granted Defendants' motion to stay and denied Defendants' motion to dismiss without prejudice. The action was stayed for an initial period of six months. On June 29, 2011, Defendants filed a second motion [44] to dismiss pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure. Again, despite Plaintiffs asking for [48]—and the Court granting [50]—an extension, Plaintiffs failed to file a response to Defendants motion.

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the

---

[3] The State of Illinois indicted Defendants Finnigan and McGovern, along with other former SOS officers, on charges of armed violence, armed robbery, home invasion, residential burglary, theft, unlawful restraint, obstruction of justice, and official misconduct. In addition, the federal government has charged Finnigan in a murder for hire plot, in which it is alleged that Finnigan solicited someone to murder unnamed police officers who he believed were going to testify against him. See *United States v. Finnigan*, Case No. 07-CR-634. Finnigan pled guilty to two counts and currently is serving a lengthy prison sentence.

2

pleader is entitled to relief" (Fed.R.Civ.P. 8(a)(2)), such that the defendant is given "fair notice of the way the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed 2d 80 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

### III. Analysis

#### A. Plaintiffs' Due Process Claim Pursuant to 42 U.S.C. § 1983

Plaintiffs allege that Defendant Officers arrested them without probable cause, made false statements causing "plaintiffs to be charged, prosecuted, incarcerated and convicted" and withheld "exculpatory impeachment evidence from the plaintiffs and prosecutors," in violation of their due process rights. FAC ¶¶ 6-8. Defendants move to dismiss Count I, claiming that Plaintiffs' allegation cannot support a due process claim. The Court agrees.

To survive a motion to dismiss on a Section 1983 violation, Plaintiff must do more than make a general allegation that her rights were violated; she must allege a deprivation of a specific right. See *Trautvetter v. Quick*, 916 F.2d 1140, 1148 (7th Cir. 1990) (citing *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 379 (7th Cir. 1988)). While the Court accepts all well-pled facts in the complaint as true, "[a] pleading that offers 'labels and conclusions' or 'a formulaic

3

recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). Here, Plaintiffs have alleged nothing beyond the conclusory assertions that their arrests were without probable cause and that Defendants made false statements and withheld exculpatory evidence. No facts are included to suggest what statements were made or what evidence was withheld. These bare allegations cannot support a due process claim.

Furthermore, as Defendants point out, to the extent that any facts can be gleaned from Plaintiffs' complaint, they allege false arrest, which is a violation of the Fourth Amendment, not due process. And while "at some point after a person is arrested, the question whether his continued confinement or prosecution is unconstitutional passes over from the Fourth Amendment to the [Fourteenth Amendment's] due process clause," *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988) (internal citations omitted), if the claim passes into the realm of the Fourteenth Amendment, rather than the Fourth Amendment, then the claim essentially becomes one of malicious prosecution. See *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003) (finding that "to the extent [plaintiff] maintains that [defendant] denied him due process by causing him to suffer a deprivation of liberty from prosecution and a contrived conviction * * * deliberately obtained from the use of false evidence, his claim is, in essence, one for malicious prosecution, rather than a due process violation") (internal citations omitted). But malicious prosecution is a tort action in Illinois[4] and "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." *Newsome v. MaCabe*, 256 F. 3d 747, 750 (7th Cir. 2001). Thus, any claim that Plaintiffs have for malicious prosecution arises under Illinois law and cannot act as the underlying constitutional violation necessary for a Section 1983

---

[4] *Miller v. Rosenberg*, 749 N.E.2d 946, 951-52 (Ill. 2001).

4

claim. *Newsome*, 256 F.3d at 750. Moreover, Plaintiff "cannot do an end run around . . . precedent by combining what are essentially claims for false arrest under the Forth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *McCann*, 337 F.3d at 786. Accordingly, Plaintiffs claim that Defendants violated their due process rights fails.

### B. Plaintiffs' *Monell* Claim Against the City of Chicago

Plaintiffs also allege a *Monell* claim against Defendant City of Chicago. Defendants argue that this claim should be dismissed because (1) Plaintiffs' underlying Constitutional claim fails and (2) Plaintiffs failed to allege that any violation of their constitutional rights was the result of a specific custom, policy, or practice of the City. The Court agrees.

A municipality is not liable under Section 1983 unless the constitutional violations at issue are caused by a municipal policy or custom. See *Monell v. Department of Soc. Serv.*, 436 U.S. 658, 694 (1978). Specifically, to prevail on a § 1983 claim against a city a plaintiff must prove: (1) a violation of his constitutional rights; (2) an injury; and (3) that the injury and violation of rights was directly caused by the City's own action or inaction that carried the requisite degree of fault. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-05 (1997). The "official policy" requirement for Section 1983 liability is designed to "distinguish acts of the municipality from acts of the employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). A plaintiff may establish municipal liability by showing that the constitutional deprivation was caused by (1) the enforcement of an express policy; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice;

or (3) a person with final policymaking authority. *Kujawski v. Board of Com'rs of Bartholomew County, Ind.*, 183 F.3d 734, 737 (7th Cir. 1999).

Here, the City cannot be liable under *Monell* because, as set forth above, Plaintiffs failed to allege a cognizable constitutional injury. See *Houskins v. Shehan*, 549 F.3d 480, 493 (7th Cir. 2008) (where plaintiff fails to establish deprivation of a constitutional right, *Monell* claims must also fail); *Tesch v. County of Green Lake*, 157 F.3d 465, 477 (7th Cir. 1998) (a *Monell* claim "requires a finding that the individual officer are liable on the underlying substantive claim.").

Additionally, to survive a motion to dismiss, the plaintiff must plead sufficient allegations "to allow the court and the defendant to understand the gravamen of plaintiff's complaint." *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Here, Plaintiffs broad and vague allegations against the City without citing any specific policies or customs that the Plaintiffs believe are linked to the Defendant Officers actions does not suffice. See *Furstenau v. City of Naperville*, 2008 WL 5412872 at *4 (N.D. Ill. Dec. 23, 2008) (granting motion to dismiss Section 1983 claims against the City where Plaintiff alleged only that some unidentified City policy existed, reasoning that Plaintiff failed to put the City on notice of the policy it invoked when it violated his constitutional rights). Accordingly, Plaintiffs' *Monell* claim also fails.

### C. Failure to File a Response

Finally, the Court notes that despite asking for an extension, Plaintiffs have failed to respond to the Defendant's motion to dismiss. In fact, Plaintiffs have not filed any substantive pleading since their First Amended Complaint on November 17, 2009 [19]. In general, the Court will allow a plaintiff to file an amended complaint if it is possible to rehabilitate any deficiencies discussed above. See *Foster v. DeLuca*, 545 F.3d 582, 584-85 (7th Cir. 2008). But in this case, given the complete absence of any response from the Plaintiffs at any time in this case, the Court

will treat the lack of response as a forfeiture of Plaintiffs' claims. See *Stransky v. Cummins Engine Co., Inc.*, 51 F.3d 1329, 1335 (7th Cir. 1995) ("when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action"); *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 WL 723331, at *6 (N.D. Ill. Mar. 14, 2008) ("A litigant's failure to respond to arguments the opposing party raises in a motion to dismiss operates as a waiver or forfeiture."). Moreover, any further amendment would be futile because, as Defendant points out, any federal claim that Plaintiffs could assert (a Fourth Amendment false arrest claim) would be barred by the statute of limitations, and without any valid federal claims, the Court would dismiss without prejudice any state law claims (for example, malicious prosecution) that may remain viable (assuming that those claims also would not be time barred or otherwise precluded). Accordingly, Plaintiffs' federal due process and *Monell* claims and this case in its entirety are dismissed with prejudice.[5]

**IV.     Conclusion**

For the foregoing reasons, Defendant's motion to dismiss [44] is granted and this case is dismissed with prejudice.

Dated: January 31, 2011

 _____
 Robert M. Dow, Jr.
 United States District Judge

---

[5] This dismissal is without prejudice as to any state law claims that Plaintiff has not pursued in this case that may remain viable under the applicable statutes of limitations and issue and claim preclusion principles – matters as to which this Court expresses no view.

7