# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5354 | **DATE** | 9/26/2012 |
| **CASE TITLE** | Salcedo, et al. vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies Plaintiffs' motion for reconsideration [54].

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

**I. Background**

On August 28, 2009, Plaintiffs Gloria Salcedo, Claudia Salcedo, and Teresa Salcedo filed a § 1983 suit against Defendants City of Chicago and Officers Jerome Finnigan, John Burzinski, James McGovern, Carl Suchocki, James Ryle, and Timothy McDermott. Plaintiffs alleged that on August 21, 2002, the individual Defendants arrested Plaintiffs without probable cause, charged them with obstructing a police officer, and made false statements about their conduct, in violation of their due process rights. Plaintiffs filed a first amended complaint in November 2009.

In July 2010, the Court stayed the action for an initial period of six months. On June 29, 2011, Defendants filed a second motion [44] to dismiss (their first was denied without prejudice, despite Plaintiffs' failure to respond). Plaintiffs requested and received additional extensions of time to respond to the second motion to dismiss, but still failed to respond. On January 31, 2012, the Court granted Defendants' motion to dismiss and entered judgment in favor of Defendants.

Plaintiffs have moved to reconsider, seeking additional time to file an amended complaint alleging that Defendants withheld exculpatory evidence from Plaintiffs and prosecutors. In their motion, Plaintiffs state that they agree with the Court that their first amended complaint failed to state a claim for a federal due process violation but now ask the Court to vacate its dismissal so that they can obtain a new attorney to file an amended due process claim based on additional facts. Defendants filed a response, and Plaintiffs failed to file a reply brief.

**II. Analysis**

Plaintiffs do not specify whether they are bringing a Rule 59(e) or Rule 60(b) motion. Both rules govern post-

judgment motions attacking a district court's decision. *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The Seventh Circuit has held that motions filed over twenty-eight days after entry of judgment are presumed to have been filed under Rule 60(b). See *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (applying the principle to the ten-day period that was in Rule 59(e) prior to December 1, 2009); see also *Talano v. NW Med. Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). Plaintiffs' motion was filed thirty days after entry of judgment; thus, the Court construes the motion as one brought under Rule 60(b).

A court may alter or amend a judgment when the movant "clearly establish[es]" that "there is newly discovered evidence or there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). In regard to the "manifest error" prong, the Seventh Circuit has elaborated that a motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). While the Federal Rules of Civil Procedure allow a movant to bring to a court's attention a manifest error of law, it "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). And because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

In Plaintiffs' half-hearted attempt to reopen this case, they concede that during the two and half years that this action was pending, they failed to state a federal due process claim. Plaintiffs also did not state any other claim, nor did it appear that they could state any other claim. As this Court previously noted in ruling on the motion to dismiss, "any further amendment would be futile because * * * any federal claim that Plaintiffs could assert (a Fourth Amendment false arrest claim) would be barred by the statute of limitations." [52 at 7.] Nevertheless, Plaintiffs now ask the Court to vacate its dismissal order and allow them to file an amended complaint, based solely on their one-sentence description of a new proposed claim. Plaintiffs suggest that the amended claim would allege that Defendants withheld exculpatory evidence in the form of an ongoing criminal conspiracy. But Plaintiffs' first amended complaint asserted the same general allegation, albeit without any specific factual support. Here, Plaintiffs once again have failed to set forth the allegations to support their claim, choosing instead to rely on a general assertion. Plaintiffs have not come close to demonstrating that "there is newly discovered evidence or there has been a manifest error of law or fact."

Plaintiffs also ask this Court to look past their history of inattention to this case and grant Plaintiffs' attorney leave to withdraw so that Plaintiffs can reinstate this case and proceed with a new attorney. A withdrawal of Plaintiffs' current attorney would not erase Plaintiffs' repeated failures to meet deadlines in this case. "Although attorney carelessness can constitute excusable neglect[], attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) (*citing Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 360 (7th Cir. 1997); *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878 (7th Cir. 1996); *In re Plunkett*, 82 F.3d 738, 742 (7th Cir. 1996) ("Missing a filing deadline because of slumber is fatal.")). Here, Plaintiffs have not argued that their neglect is excusable under Rule 60(b)(1). Indeed, Plaintiffs have not cited a rule or a case in any part of their motion. Given Plaintiffs' history of repeatedly missing deadlines–despite numerous extensions, Plaintiffs failed to file a single response brief in opposition to any of Defendants' motions and even failed to file a reply brief in support of this motion–Plaintiffs fall far short of meeting the standard for excusable neglect. *Easley*, 382 F.3d at 697-98 (finding that the plaintiff's counsel's failure to comply with motions deadlines was not excusable neglect). There is no reasonable basis to excuse the number of times that Plaintiffs ignored the Court's deadlines.

| STATEMENT |
|---|
| Rule 60(b) preserves the system's interest in the finality of judgments, while providing litigants with the opportunity to present arguments that cannot be presented on appeal. See *Siner*, 22 Fed. Appx. at 643; *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). Here, the facts and law of the case have not changed; rather, Plaintiffs want to supplemental their complaint with additional facts and theories but have failed to demonstrate that these additional facts would change the result of the Court's prior ruling. Further, these factual and legal responses were available to Plaintiffs and Plaintiffs' counsel prior to dismissal of the case, but either through lack of attention by the parties or counsel's neglect, were not presented to the Court. It is well-established that motions for reconsideration "do not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior" to the district court's ruling. See *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). In sum, Plaintiffs' neglect of this case for over two years is not excusable and it simply is too late to accept Plaintiffs' new offerings at this late date. Thus, Plaintiffs' motion for reconsideration is unavailing and the judgment stands as entered. |